**Jeff Biddle Law**
Jeff A. Biddle, AZ State Bar No. 024241
P.O. Box 12527
Chandler, Arizona 85248
(480) 622-4987 / Fax (480) 760-2335
jeff@thebiddlelawfirm.com
*Attorney for Debtor*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In Re: **DAVID LEE HASTING, JR.,** Debtor. | In proceedings under Chapter 13 Case No.: 2:19-bk-12332-PS |
| **DAVID LEE HASTING, JR.,** Plaintiff, v. **LUCRIFEROUS HOLDINGS, LLC,** Defendants. | Adversary No.: **COMPLAINT TO DETERMINE THE VALIDITY, PRIORITY, OR EXTENT OF A LIEN OR OTHER INTEREST IN PROPERTY** |

**DAVID LEE HASTING, JR**, Debtor, by and through her undersigned counsel, for her Complaint hereby allege and state as follows:

### STATEMENT OF JURISDICTION

1. This is an adversary proceeding to determine the validity, priority and extent of the lien of Defendant and is brought pursuant to 11 U.S.C. §506(a) and Rule 7001 of the Federal Rules of Bankruptcy Procedure.

2. This court has jurisdiction over this adversary proceeding pursuant to 11 U.S.C. §§157 and 1334.

3. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(K).

4. Venue is proper pursuant to 28 U.S.C. § 1409.

5. Debtor is an Arizona resident.

6. Defendant, **LUCRIFEROUS HOLDINGS, LLC**, is a limited liability company located in the State of California and is authorized to conduct business in the State of Arizona and is not subject to the Soldiers' and Sailors' Civil Relief Act.

**GENERAL ALLEGATIONS**

*7.* Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 6 of the Complaint, as if set forth fully herein.

*8.* Plaintiff filed a voluntary petition under Chapter 3 of the Bankruptcy Code on September 26, 2019 (the "Petition Date") in the U.S. Bankruptcy Court, District of Arizona, Phoenix Division. This case was assigned Case No. 2:19-bk-12332-PS.

*9.* Plaintiff, as of the Petition Date, was and continues to be the owner of the real property (the "Subject Property") located at 16018 South 9th Place, Phoenix, AZ 85048. The legal description of the Real Property is: *LOT 13, of PARCEL 11-C, PHASE 1 AT THE FOOTHILLS, ACCORDING TO THE PLAT OF RECORD IN THE OFFICE OF THE COUNTY RECORDER OF MARICOPA COUNTY, ARIZONA, RECORDED IN BOOK 379 OF MAPS, PAGE 46, and AFFIDAVIT OF CORRECTION RECORDED IN 94-0587205.*

10. The Subject Property is and continues to be Plaintiff/Debtor's primary residence.

11. Plaintiff has had the property appraised and believes, based on the appraisal, that the value of the Subject Property is $300,000.00 or less. A copy of the appraisal is attached hereto as Exhibit A and is incorporated herein by reference.

12. The Subject Property was subject to a first position Deed of Trust ("Senior Encumbrance") in favor of Seterus, Inc., recorded with the Maricopa County Arizona Recorder's Office on January 5, 2006 at Document No. 2006-0011570. This note has since been transferred to Wilmington Savings Fund Society, FSB CO Rushmore Loan Management Services.

13. Based upon information and belief, and in accordance with the Proof of Claim filed in the underlying administrative Chapter 13 bankruptcy case of the

- 2 -
Case 2:20-ap-00070-PS   Doc 1   Filed 03/17/20   Entered 03/17/20 01:19:25   Desc
Main Document    Page 2 of 4

14. Plaintiff/Debtor, the balance owing on the Senior Encumbrance as of the date of the Petition was $301,475.03.

14. The Real Property is also encumbered by a second position Deed of Trust ("Second Deed of Trust") in favor of Defendant recorded with the Maricopa County Arizona Recorder's Office on September 28, 2007, at Document No. 2007-1071936. Pursuant to the proof of claim submitted on behalf of Defendant, the balance owing on the Second Deed of Trust as of the date of the Petition was $77,140.25.

15. The appraised value of Debtor's residence is less than the amount of the Senior Encumbrance. Upon information and belief, other valuation methods/sources would also show a market value of substantially less than the amount owed on the Senior Encumbrance.

16. Plaintiff alleges that, after applying the value of the Subject Property to the perfected secured lien of the Senior Encumbrance, there is no equity remaining to secure the Defendant's note secured by the second position Deed of Trust and, therefore, the claim of Defendant is wholly unsecured.

17. As there is no equity in the Real Property for the Second Deed of Trust to attach to, pursuant to 11 U.S.C. §506(a), the claim secured by the Second Deed of Trust must be reclassified as an unsecured claim in the bankruptcy proceeding.

## CLAIM FOR RELIEF

Debtor is entitled to a judgment of this court declaring that:

1. Upon completion of the Debtor's Chapter 13 Plan and discharge, the claim secured by the Second Deed of Trust shall be allowed to be amended by Defendant as a general unsecured claim;
2. Upon completion of the Debtor's Chapter 13 Plan and discharge, the claim secured by the Second Deed of Trust is avoided;
3. Upon completion of the Debtor's Chapter 13 Plan and discharge, the claim secured by the Second Deed of Trust is released as an encumbrance against the Real Property;

- 3 -
Case 2:20-ap-00070-PS   Doc 1   Filed 03/17/20   Entered 03/17/20 01:19:25   Desc
Main Document    Page 3 of 4

4. That the Order of this Court may be recorded and that same shall have the effect of voiding the lien on the public records upon entry of the Discharge in the Plaintiff/Debtor's underlying Chapter 13 bankruptcy case.
5. Upon completion of the Debtor's Chapter 13 Plan and discharge, the claim secured by the Second Deed of Trust is void and is of no effect; and
6. For such other relief as the Court deems appropriate.

**RESPECTFULLY SUBMITTED** this 17th day of March, 2020.

**Jeff Biddle Law**

By: */s/ Jeff A. Biddle* 024241
Jeff A. Biddle
Attorney for Debtor